980 F.2d 728
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Haywood WILLIAMS, Jr., Plaintiff-Appellant,
v.
Louis B. CEI; Rufus Fleming; Ed Wright, Defendants-Appellees,
and Allyn R. SIELAFF; Edward W. Murray; James M. Sisk; W.
D. Blankenship; Melvin Sergeant, Defendants.
 No. 91-7109.
 United States Court of Appeals,
Fourth Circuit.
 Argued: September 29, 1992
Decided: November 30, 1992
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CA-85-699-R)
 ARGUED: Laura Lynne Wagner, Richmond, Virginia, for Appellant.
 Karen Lynn Lebo, Assistant Attorney General, Richmond, Virginia, for Appellees.
 ON BRIEF: Mary Sue Terry, Attorney General of Virginia, Mark R. Davis, Assistant Attorney General, Richmond, Virginia, for Appellees.
 W.D.Va.
 Vacated and remanded.
 Before RUSSELL, WILKINS, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Haywood Williams, Jr. brought this action pursuant to 42 U.S.C.A. § 1983 (West 1981), alleging that prison officials transferred him from the Virginia State Penitentiary in retaliation for his participation in a lawsuit. The district court granted summary judgment against him. Because we find that a material factual dispute exists, we vacate the decision of the district court and remand for further proceedings consistent with this opinion.
 
 I.
 
 2
 Williams filed this suit in August 1985 against various prison officials, complaining that his transfer from the Virginia State Penitentiary (VSP) to Bland Correctional Center (BCC) in June 1985 resulted from his efforts to collect signatures for a supplemental complaint in an ongoing lawsuit challenging the constitutionality of a 1985 VSP lockdown. Williams also averred that the Department of Corrections (DOC) failed to follow its own procedures in transferring him and that he was held in a segregation cell at BCC without justification.
 
 
 3
 The prison officials moved for summary judgment. In support of their motion, they offered the affidavit of VSP Classification Manager Louis B. Cei, who stated that Williams was transferred to BCC to redistribute the inmate population and to create additional bed space at VSP. Cei denied that Williams was transferred in retaliation for the lockdown suit.
 
 
 4
 Williams opposed the summary judgment motion with his own affidavit and with affidavits from other inmates, all of whom stated that they had been transferred from VSP in retaliation for their participation in the lockdown suit. The affidavit of inmate Walter White was particularly explicit. White stated that on June 15, 1985, he and Williams circulated a supplemental complaint and accompanying affidavits regarding the lockdown suit for the signatures of other inmates. According to White, he and Williams were told on June 17, 1985 by Acting Warden Rufus Fleming that they were being transferred to BCC because of their participation in the lockdown suit.
 
 
 5
 The district court granted summary judgment in favor of the prison officials on all of Williams' claims, ruling that the affidavits submitted by Williams had failed to raise a genuine issue of material fact and that the officials were entitled to judgment as a matter of law. On appeal, we vacated the grant of summary judgment on the retaliation claim, holding that the affidavit signed by inmate Walter White created a material factual dispute concerning whether Williams' transfer to BCC was retaliatory. Williams v. Sielaff, No. 89-7750 (4th Cir. Sept. 20, 1990) (per curiam). We affirmed with respect to Williams' remaining claims. Id.
 
 
 6
 Following remand, the remaining defendants, Appellees here, filed another motion for summary judgment supported by a second affidavit signed by Cei. This affidavit stated that he and the Institutional Classification Committee made the decision to transfer fourteen inmates, including Williams, from VSP to other institutions. Cei's affidavit also stated that neither Fleming nor Wright provided input into, or possessed the authority to effectuate, Williams' transfer. In addition, Appellees submitted affidavits from Fleming and Assistant Warden Ed Wright denying that White or Williams were told that their transfers were related to the lawsuit.
 
 
 7
 The district court, for a second time, granted summary judgment in favor of Appellees. It is this second grant of summary judgment that is the subject of this appeal. The district court ruled that because Williams' institutional file did not contain any recommendation from Fleming, Wright, or any other official that Williams be transferred in June 1985, and because pursuant to the DOC guidelines those two officials lacked the authority to transfer prisoners, Williams had failed to sustain his burden of creating a genuine issue of material fact on his retaliation claim and Appellees were entitled to judgment as a matter of law. Williams appeals.
 
 II.
 
 8
 This court previously found that Walter White's affidavit, submitted by Williams in opposition to summary judgment, created a genuine issue of material fact on the retaliation claim. Because there was-and still is-a material factual dispute regarding the reason for Williams' 1985 transfer, the district court erred in granting summary judgment. Our holding is not a commentary on the merits of Williams' claim. Rather, it is an application of the basic principle that summary judgment is inappropriate when material facts are placed in dispute. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are [functions of the trier of fact], not those of a judge ... ruling on a motion for summary judgment...." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). We, therefore, are compelled to vacate the order of the district court granting summary judgment against Williams on his retaliation claim and remand for further proceedings consistent with this opinion.
 
 VACATED AND REMANDED